42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Genoveva Cardenas TRIANA, aka: Maria Genoveva
Cardenas-Triana, Defendant-Appellant.
 No. 93-50776.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Genoveva Cardenas-Triana appeals her conviction, following a conditional guilty plea, for one count of importing heroin into the United States in violation of 21 U.S.C. Sec. 952(a). Cardenas claims that customs agents lacked reasonable suspicion to institute a strip search and further detain her on the belief that she was importing contraband in her alimentary canal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination that a search and seizure at the border was based on reasonable suspicion. United States v. Oba, 978 F.2d 1123, 1128 (9th Cir.1992).
 
 
 4
 Detention of a traveler entering the United States requires reasonable suspicion that she is engaged in smuggling. United States v. Montoya de Hernandez, 473 U.S. 531, 541 (1985). Once customs inspectors have reasonable suspicion that a traveler is attempting to smuggle narcotics, they are permitted to conduct a reasonable search, including detention for an x-ray or a monitored bowel movement, to either verify or dispel their suspicion. United States v. Gonzalez-Rincon, No. 93-50603, slip op. 11605, 11616-17 (9th Cir. Sept. 27, 1994). Possession of paraphernalia or other indications of internal smuggling are not required to support reasonable suspicion of alimentary canal smuggling. Id. at 11614-15.
 
 
 5
 Here, Cardenas-Triana arrived at Los Angeles International Airport from Bogota, Colombia, a known source city for narcotics. She paid cash for her ticket the day prior to her departure. She gave inconsistent explanations for the purpose of her trip. She presented a passport reflecting several entries into the United States. She also appeared nervous throughout the interview.
 
 
 6
 The customs inspectors had reasonable suspicion that Cardenas-Triana was a drug smuggler. See Gonzalez-Rincon, No. 93-50603, slip op. at 11614. The inspectors' suspicion was sufficient to detain Cardenas-Triana for a strip search, an x-ray or a monitored bowel movement. See id. at 11617. Cardenas-Triana's detention did not violate the Fourth Amendment. See id. Accordingly, the judgement of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3